## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PHILIP CHARVAT, on behalf of himself and others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No. 2:17-cv-00940 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIRACLE-EAR, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | / | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Philip Charvat ("Mr. Charvat") ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      In violation of the TCPA, Miracle-Ear, Inc. ("Miracle-Ear") initiated telemarketing calls to a residential telephone number Mr. Charvat had registered on the National Do Not Call Registry for the purposes of advertising its goods and services.

3.      The Plaintiff never consented to receive the call, which was placed to him for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.      Plaintiff Philip Charvat is a resident of the state of Ohio in this District.

6.      Defendant Miracle-Ear, Inc. is a Minnesota corporation that has its principal office in Minneapolis, MN.  Miracle-Ear makes telemarketing calls into this District and has a store in this District.

**Jurisdiction & Venue**

7.      The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Plaintiff is a resident of this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls that gave rise to the Plaintiff's claims occurred here.

**The Telephone Consumer Protection Act**

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire to not receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until

the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages and injunctive relief.  47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller.  47 C.F.R. § 64.1200(c)(2)(ii).  That agreement must also include the telephone number to which the calls may be placed.  *Id.*

## Factual Allegations

14. Miracle-Ear is a company that sells and services hearing devices.

15. To generate new clients, Miracle-Ear relies on telemarketing.

16. That telemarketing involves "cold calling," which are phone calls placed to individuals that Miracle-Ear does not have a prior relationship with.

Calls to Mr. Charvat

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Mr. Charvat placed his residential telephone number, (614) 895-XXXX, on the National Do Not Call Registry more than five years prior to the calls at issue.

19.     Despite taking the affirmative step of registering his telephone number on the National Do Not Call Registry, Miracle-Ear placed telemarketing calls to Mr. Charvat on July 19, 2017 and September 12, 2017.

20.     The July 19, 2017 call was made by "Teri with Miracle-Ear Hearing Center."

21.     "Teri" asked Mr. Charvat if he had received the company's unsolicited invitation for a hearing evaluation, which was sent in an effort to sell Miracle-Ear's goods and services.

22.     After further trying to sell Miracle-Ear's goods and services, "Teri" gave a call back number of (888) 492-3708.

23.     (888) 492-3708 is the telephone number for the Miracle-Ear location in Columbus.

24.     The September 12, 2017 call was made by "Angie."

25.     "Angie" also made the telemarketing call to promote Miracle-Ear's goods and services, including an unsolicited invitation for a hearing evaluation.

26.     During the call, Angie also provided the telephone number (888) 492-3708.

27.     Miracle-Ear did not have the Plaintiff's written consent to send either telemarketing call.

28.     In fact, prior to the filing of this lawsuit, Plaintiff wrote to Miracle-Ear asking for any evidence of consent they had to make the calls.

29.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

30.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**Class Action Allegations**

31.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

32.     The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, through the date of class certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, either Defendant.

33.     Excluded from the class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34.     The class as defined above is identifiable through phone records and phone number databases.

35.     The potential class members number at least in the thousands.  Individual joinder of these persons is impracticable.

36.     Plaintiff is a member of the class.

37.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

        a.   Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

        b.   Whether Defendant placed calls without obtaining the recipients' prior express invitation or permission for the call;

c.   Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

38.   Plaintiff's claims are typical of the claims of class members.

39.   Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

40.   The actions of the Defendant are generally applicable to the class as a whole and to Plaintiff.

41.   Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

42.   The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

43.   Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call Provisions

44.   Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.     The Defendant violated the TCPA by (a) initiating telephone solicitations to persons whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

46.      Moreover, Defendant failed to establish and implement, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

47.     The Defendant's violations were willful and/or knowing.

### Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers that are on the Do Not Call Registry, pursuant to the TCPA, 47 U.S.C. § 227(c)(5), applicable regulations, and implementing orders;

B.     Because of Defendant's violations of 47 C.F.R. § 64.1200(c), Plaintiff Charvat seeks for himself and the other class members whose telephone numbers were called at least twice within any 12-month period despite being registered with the National Do Not Call Registry, up to $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(5);

C.     An award of attorneys' fees and costs to counsel for Plaintiff and the class, as permitted by law;

D.     An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class;

E.     Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
misny@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
ted@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*